```
                    UNITED STATES DISTRICT COURT
                            FOR THE
                      DISTRICT OF VERMONT
```

Craig Bethea,                       :
        Plaintiff,                  :
                                    :
        v.                          :    File No. 1:11-cv-00057-jgm
                                    :
Michael Plusch, William             :
Wright, Nancy Corsones,             :
Bennington County,                  :
Vermont, State of Vermont,          :
United States of America,           :
        Defendants.                 :

<u>ORDER</u>
(Doc. 1)

Plaintiff Craig Bethea, a federal inmate proceeding *pro se*, seeks to file a complaint alleging that the defendants violated his constitutional rights in the course of his criminal case. Bethea has filed a motion to proceed *in forma pauperis*, and has submitted an affidavit that meets the requirements of 28 U.S.C. § 1915. The motion for leave to proceed *in forma pauperis* (Doc. 1) is therefore GRANTED. For the reasons set forth below, however, Bethea's claim against Judge Nancy Corsones is DISMISSED.

I.   <u>Dismissal of Judge Corsones</u>

Under 28 U.S.C. § 1915A, the Court must screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint or any portion thereof if it brings a claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); <u>see</u> <u>Abbas v. Dixon</u>, 480 F.3d 636, 639 (2d Cir. 2007).

Similarly, under 28 U.S.C. § 1915(e), the Court must dismiss the action if it determines it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

Here, the Court finds that Judge Nancy Corsones is immune from suit, and must be dismissed under §§ 1915A(b) and 1915(e)(2)(B).  The claim against Judge Corsones states she "violated the plaintiff's rights by issuing a general exploratory search warrant in the absence of probable cause."  (Doc. 1-2 at 11.)  Bethea further asserts that, by issuing the search warrant, Judge Corsones "abandoned her neutral and detached role and . . . acted as nothing more than a rubberstamp for police."  (Id.)

Judges have absolute immunity for judicial acts performed in their judicial capacities.  Mireles v. Waco, 502 U.S. 9, 11 (1991); Stump v. Sparkman, 435 U.S. 349, 356 (1978); Young v. Selsky, 41 F.3d 47, 50 (2d Cir. 1994).  This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action [she] took was in error . . . or was in excess of [her] authority."  Mireles, 502 U.S. at 11 (quotation omitted).  As the alleged wrongdoing by Judge Corsones involved an act performed in her judicial capacity, see Burns v. Reed, 500 U.S. 478, 492 (1991) ("the issuance of a search warrant is unquestionably a judicial

act"), the claim against her must be DISMISSED.  See Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when it is clear that the defendants are immune.") (internal quotations omitted).

II. Remaining Defendants

As to the remaining Defendants, if the allegations in the complaint are substantiated, Bethea may have an opportunity to prevail on the merits of this action.  The following paragraphs are intended to assist the *pro se* litigant by identifying for him certain requirements of this Court.  Failure to comply with these requirements may result in the dismissal of the complaint.

Because Bethea is not represented by a lawyer, he is reminded that the Federal Rules of Civil Procedure require him to mail to the lawyer(s) for the defendants a true copy of anything he sends to the court.  Failure to do so may result in dismissal of this case or other penalties.  Anything filed with the court should specifically state that it has been sent to the lawyer(s) for the defendants.  Bethea should keep a true copy of everything he sends to the defendants or the court.

Each party shall keep the court apprised of a current address at all times while the action is pending.  Notice of any change of address must be filed promptly with the Court and served on other parties.

As this case proceeds, it is possible that the defendants may file motions for summary judgment. The Second Circuit requires that a *pro se* litigant be provided notice "of the nature and consequences of a summary judgment motion." <u>Vital v. Interfaith Med. Ctr.</u>, 168 F.3d 615, 621 (2d Cir. 1999); <u>see also</u> <u>Sellers v. M.C. Floor Crafter</u>, 842 F.2d 639 (2d Cir. 1988). A motion for summary judgment made by a defendant under Rule 56 of the Federal Rules of Civil Procedure is a request for a judgment in its favor without a trial. This motion will set forth the facts that the defendant contends are not reasonably subject to dispute and that entitle the defendant to judgment as a matter of law. All assertions of material fact in the defendant's motions will be taken as true by the court unless contradicted. <u>See</u> <u>McPherson v. Coombe</u>, 174 F.3d 276, 281 (2d Cir. 1999). In short, failure to contradict those factual assertions may result in the entry of summary judgment in favor of that defendant.

To contradict or oppose a defendant's motion for summary judgment, Bethea must show proof of his claims. He may do this in one or more of the following ways. Most typically, a plaintiff may file and serve one or more affidavits or declarations setting forth the facts that would be admissible in evidence that he believes prove his claims or counter the defendant's assertions. The person who signs each affidavit must have personal knowledge of the facts stated within the affidavit.

Alternatively, Bethea may rely on statements made under penalty of perjury in the complaint if the complaint shows that he has personal knowledge of the matters stated, and if he calls to the court's attention those parts of the complaint upon which he relies to oppose the defendant's motion.  Bethea may also rely upon written records, but must prove that the records are what they claim they are.  Finally, Bethea may rely on all or any part of deposition transcripts, answers to interrogatories, or admissions obtained in this proceeding.  If there is some good reason why the necessary facts are not available to Bethea at the time required to oppose a summary judgment motion, the court will consider a request to delay consideration of the defendant's motion.

Bethea should always file a response to a motion by a defendant.  In particular, in the event a defendant files a motion for summary judgment as discussed above, or moves to dismiss the complaint, Bethea's failure to respond may result in the dismissal of the case with respect to that defendant.

In accordance with the above, it is hereby ORDERED that:

1.   Bethea's request for leave to proceed *in forma pauperis* (Doc. 1) is GRANTED.  Bethea may file, and the Clerk of the Court shall accept, his complaint without prepayment of the required fees, and Bethea shall not be required to pay the fees for service of the complaint.  If necessary, service of process shall

be effected by the U.S. Marshals Service.  <u>See</u> Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

    2.  Bethea is obligated to pay the statutory filing fee of $350.00 for this action.  The fee shall be collected and paid in accordance with this court's order, filed concurrently herewith.

    3.  Bethea's claim against Judge Nancy Corsones is DISMISSED.

    Dated at Brattleboro, in the District of Vermont, this 13th day of April, 2011.

                                    <u>/s/ J. Garvan Murtha</u>
                                    Honorable J. Garvan Murtha
                                    Senior United States District Judge