```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT
```

Craig Bethea,                         :
    Plaintiff,                     :
                                    :
    v.                              :     Case No. 1:11-cv-57-jgm
                                    :
Michael Plusch, William               :
Wright, Nancy Corsones,               :
Bennington County, State              :
of Vermont, and United                :
States of America,                    :
    Defendants.                    :

<u>OPINION AND ORDER</u>
(Docs. 13, 18, 20 and 21)

Plaintiff Craig Bethea, a federal inmate proceeding *pro se*, brings this action claiming the Defendants violated his constitutional rights, including his Fourth Amendment right to be free from unreasonable searches and seizures.  One Defendant, Judge Nancy Corsones, has been dismissed.  The remaining Defendants now move to dismiss on the basis of, among other things, timeliness, prosecutorial immunity, and sovereign immunity.

For the reasons set forth below, the motions to dismiss are GRANTED and this case is DISMISSED.

<u>Factual Background</u>

Bethea alleges that in January 2006, Officer Michael Plusch of the Bennington Police Department wrongfully obtained a warrant to record conversations through electronic surveillance.  Officer Plusch based his warrant application on statements from a confidential informant.  The Complaint alleges the informant's

statements were not corroborated by any evidence aside from Bethea's criminal history, and did not constitute probable cause. Bethea claims that by using the informant's statements to obtain, and then execute the warrant, Officer Plusch violated the Fourth Amendment.

Bethea also names former State's Attorney William Wright as a Defendant, claiming that Wright coerced the confidential informant into cooperating with law enforcement, and prosecuted the case in the absence of probable cause.

Although the wire warrant and a subsequent search warrant were obtained in state court, Bethea was ultimately prosecuted in federal court.  Bethea claims that the shift to federal court amounted to unlawful "forum shopping," and denied him the ability to challenge the wire warrant.  (Doc. 5 at 12.)  He further claims that the "combined efforts of the state and federal officials" not only prevented him from challenging the warrant and the informant's "alleged free and voluntary consent," but also denied him effective assistance of counsel and "his right to due process under the law."  (Id. at 12-13.)

On December 10, 2008, Bethea entered a conditional guilty plea to one count of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. The plea was conditioned upon the appellate resolution of his *pro se* motion to suppress, which challenged the validity of the wire

warrant.  On July 19, 2010, the Second Circuit upheld this Court's determination that the warrant was lawful.  <u>United States v. Bethea</u>, 388 F. App'x 20, at *1-*2 (2d Cir. July 19, 2010).

<u>Discussion</u>

I. <u>Officer Plusch's Motion to Dismiss</u>

Officer Plusch moves to dismiss Bethea's Complaint as untimely.  The Complaint alleges that in late 2005 and early 2006, Officer Plusch acted wrongfully in obtaining the wire warrant.  The Complaint was filed on April 13, 2011, over five years after Officer Plusch's alleged misconduct.

Bethea brings his claims against Officer Plusch under 42 U.S.C. § 1983.  (Doc. 5 at 1.)  Civil rights claims brought pursuant to 42 U.S.C. § 1983 are subject to Vermont's statute of limitations for personal injury actions.  <u>See</u> <u>Wilson v. Garcia</u>, 471 U.S. 261, 266-67 (1985); <u>Owens v. Okure</u>, 488 U.S. 235, 249–51 (1989) (holding that the most appropriate statute of limitations in a § 1983 action is found in the "general or residual [state] statute [of limitations] for personal injury actions"); <u>Chin v. Bowen</u>, 833 F.2d 21, 23-24 (2d Cir. 1987).  That statute of limitations is three years.  <u>See</u> 12 V.S.A. § 512(4).  Consequently, without some form of tolling, Bethea's claims are untimely.

Bethea does not argue for tolling.  Instead, he contends that his cause of action will not accrue until he is "provided

[a] decision in any court of law regarding the probable cause and other questions of law" surrounding the search warrant obtained by Officer Plusch. (Doc. 19 at 4.)  This argument is misplaced.

The parties agree that pursuant to federal law, Bethea's Fourth Amendment claim accrued whenever he knew or had reason to know of his injury.  See Pearls v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002).  However, "[t]he reference to 'knowledge of the injury' does not suggest that the statute does not begin to run until the claimant has received judicial verification that the defendants' acts were wrongful." Veal v. Geraci, 23 F.3d 722, 724 (2d Cir. 1994) (brackets omitted).  "Rather, the claim accrues when the alleged conduct has caused the claimant harm and the claimant knows or has reason to know of the allegedly impermissible conduct and the resulting harm." Id.

Bethea was aware of the wire warrant, and the affidavit in support of that warrant, during his criminal case.  United States v. Bethea, No. 1:07-cr-00003-jgm (Docs. 21, 23, 35, 47.) Specifically, he filed a *pro se* motion to suppress on February 15, 2008, in which he challenged the validity of the confidential informant's consent, and attached copies of the warrant and Officer Plusch's affidavit.  Id. (Docs. 47, 47-1.)  He thus "had reason to know of the allegedly impermissible conduct and resulting harm" more than three years before he filed this Complaint.  Veal, 23 F.3d at 724.  Because Bethea was aware in

4

February 2008 (if not sooner) of the facts underlying his current claim against Officer Plusch, that claim is untimely, and Officer Plusch's motion to dismiss is GRANTED. Cf. Wallace v. Kato, 549 U.S. 384, 397 (2007) (holding that Fourth Amendment false arrest claim "begins to run at the time the claimant becomes detained pursuant to legal process"); see also Dominguez v. Hendley, 545 F.3d 585, 589 (7th Cir. 2008) (Fourth Amendment claims for false arrest or unlawful searches accrue at the time of the violation).

II. State Defendants' Motion to Dismiss

Defendants State of Vermont, Bennington County, and former Bennington County State's Attorney William Wright (collectively "State Defendants") have moved to dismiss, citing sovereign and prosecutorial immunity. State Defendants also argue that Bethea's claims are barred under the Supreme Court's ruling in Heck v. Humphrey, 512 U.S. 477 (1994).

A. Heck v. Humphrey

As noted above, Bethea's allegations against the State Defendants are that Attorney Wright conducted a malicious prosecution without probable cause, that Wright coerced the confidential informant, and that there was a conspiracy among state and federal parties to deprive him of an opportunity to challenge the warrant. Defendants' first argument for dismissal is that these claims are barred by the doctrine set forth in Heck.

5

Heck established that a plaintiff may not bring a civil rights claim under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. Therefore, before a plaintiff may bring such a claim, he must show that his conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a [] tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.

In this case, Bethea's conviction was upheld on direct appeal, and there is no suggestion in the record of it having been expunged or declared invalid. Heck thus bars his claims unless the Court determines that this action, "even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff . . . ." Id. at 487 (emphasis in original). Bethea's malicious prosecution claim alleges that Defendant Wright brought a case against him without probable cause. Because probable cause was a requisite basis for prosecution, judgment in Bethea's favor would necessarily imply the invalidity of his conviction. His malicious prosecution claim against Attorney Wright is therefore DISMISSED. See, e.g., Murphy v. Lynn, 118 F.3d 938, 947 (2d Cir. 1997); Collins v. Sovereign Bank, 482 F. Supp. 2d 235, 240-41 (D. Conn. 2007).

The claim that Attorney Wright coerced the confidential informant requires a separate analysis.  Reading Bethea's claims liberally, the Court assumes that by attacking the voluntariness of the informant's consent, Bethea seeks to undermine the legality of the wire and, correspondingly, the use of evidence obtained through electronic surveillance.  That evidence was ultimately cited in Officer Plusch's application for a search warrant which, in turn, allowed for the discovery of evidence used to secure Bethea's conviction.

An attack on the validity of the search warrant would be brought under the Fourth Amendment.  Heck expressly noted that its holding might not apply to such an attack, since a Fourth Amendment violation would not necessarily imply an unlawful conviction.  512 U.S. at 487 n.7.  "For example, a federal court's finding of a Fourth Amendment violation would not necessarily imply that a prior state conviction was unlawful if, despite the constitutional violation, the subject evidence was admissible based on such doctrines as independent source, inevitable discovery, and harmless error."  Williams v. Ontario County Sheriff's Dep't, 662 F. Supp. 2d 321, 329 (W.D.N.Y. 2009) (citing Heck, 512 U.S. at 487 n.7).

Here, it is not clear whether the information obtained as a result of the wire constituted the sole support for the search warrant.  It is also unclear whether the evidence obtained from

the search would have been admissible notwithstanding a successful attack on the informant's consent.  The Court therefore finds that, based upon the limited factual record currently before it, dismissal on the basis of <u>Heck</u> would be inappropriate.

Bethea also claims that there was a conspiracy between state and federal actors to deprive him of the ability to challenge the wire warrant.  This claim presumably arises out of the fact that once the criminal case was presented in federal court, the informant's consent rendered electronic surveillance legal under the Federal Wiretap Statute.  Because the legality of the search was governed by federal law, see <u>United States v. Pforzheimer</u>, 826 F.2d 200, 204 (2d Cir. 1987), analysis of the state warrant was no longer necessary or relevant.

If Bethea can show a conspiracy, the harm arising out of that conspiracy would be his inability to challenge the state court wire warrant.  It is not clear from the papers whether that challenge would be successful, or whether a successful challenge would necessarily invalidate Bethea's conviction.  Accordingly, the Court will not dismiss the conspiracy claim on the basis of <u>Heck</u>.

    B.   <u>Prosecutorial Immunity</u>

State Defendants next contend that Attorney Wright's alleged actions in the course of Bethea's prosecution are protected by

prosecutorial immunity.  "[A] prosecutor has absolute immunity against a claim for damages based on [his] performance of tasks as an advocate in the conduct of the prosecution."  Parkinson v. Cozzolino, 238 F.3d 145, 150 (2d Cir. 2001).  In contrast, a prosecutor is not entitled to absolute immunity when he is "not acting as an officer of the court, but is instead engaged in . . . investigative or administrative tasks."  Van de Kamp v. Goldstein, 129 S. Ct. 855, 861 (2009) (internal quotations omitted).  "The ultimate question is whether the prosecutors have carried their burden of establishing that they were functioning as advocates when they engaged in the challenged conduct."  Parkinson, 238 F.3d at 150 (internal quotations omitted).

Here, any claim that Attorney Wright brought a malicious prosecution without probable cause is clearly barred by prosecutorial immunity.  See Schmueli v. City of New York, 424 F.3d 231, 236 (2d Cir. 2005).  Also, to the extent Attorney Wright played a role in the decision to bring charges in federal court, those actions are equally immune.  See Peay v. Ajello, 470 F.3d 65, 68 (2d Cir. 2006) (prosecutors are immune from suit for "activities involving the initiation and pursuit of prosecution").

As to Attorney Wright's alleged involvement in securing the cooperation of the confidential informant, however, absolute immunity does not apply.  When a prosecutor performs an

9

investigative function such as orchestrating a sting, see Smith v. Garretto, 147 F.3d 91, 94 (2d Cir. 1998), or authorizing or directing the use of wiretaps, see Powers v. Coe, 728 F.2d 97, 103 (2d Cir. 1984), there is no absolute immunity from suit. Here, the confidential informant was allegedly coerced by Wright into consenting to a wire. In assisting with the wire, Wright was hoping "that his target would . . . furnish evidence on which a prosecution could be based. Such conduct is not shielded by absolute immunity." Smith, 147 F.3d at 94. The motion to dismiss Bethea's malicious prosecution claim is therefore GRANTED, while the motion to dismiss his coercion claim on the basis of prosecutorial immunity is DENIED.[1]

C.   Eleventh Amendment

State Defendants further contend that any claims against the State of Vermont, as well as claims against state officials in their official capacities, are barred by the Eleventh Amendment. The Eleventh Amendment has long been held to prohibit federal jurisdiction over actions brought against any state that has not consented to such jurisdiction. See Hans v. Louisiana, 134 U.S. 1, 10 (1890). "Stated as simply as possible, the Eleventh

---

[1] State Defendants argue in their reply memorandum that Wright is also entitled to qualified immunity. Because the argument, set forth in a footnote, is not fully briefed, and as it was first raised in a reply, the Court will not consider it at this time. See Johnson & Johnson v. Guidant Corp., 525 F. Supp. 2d 336, 359 (S.D.N.Y. 2007) (arguments first raised in reply memorandum are not properly considered).

Amendment means that, as a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the states' Eleventh Amendment immunity when acting pursuant to its authority under Section 5 of the Fourteenth Amendment." Gollomp v. Spitzer, 568 F.3d 355, 366 (2d Cir. 2009). This protection extends to state officials, as a suit against a state official in his or her official capacity is considered a suit against the State for Eleventh Amendment purposes. Hafer v. Malo, 502 U.S. 21, 25 (1991).

Here, there has been no waiver by the State of Vermont, and no congressional abrogation. Indeed, the Supreme Court has held that Congress did not intend to abrogate sovereign immunity by enacting Section 1983, see Quern v. Jordan, 440 U.S. 332, 340-41 (1979), and the State of Vermont has expressly preserved its sovereign immunity under the Eleventh Amendment. See, e.g., 12 V.S.A. § 5601(g). Therefore, any federal constitutional claims being brought against the State of Vermont, and against state officials sued for damages in their official capacities, should be DISMISSED.

There may be some question, however, as to which State Defendants qualify as "state officials" for purposes of the Eleventh Amendment. Officer Plusch has been included as a "State Defendant," although it appears from the Complaint that he was a

member of the Bennington Police Department and the Southern Vermont Drug Task Force.  Because, as set forth above, the claims against Officer Plusch are untimely, the Court will not address the question of whether he is entitled to protection under the Eleventh Amendment.

Attorney Wright is said to be an employee of "the County of Bennington Vermont." (Doc. 5 at 6.)  Notwithstanding this allegation, there is little question that when prosecuting a criminal matter, a State's Attorney is acting as a representative of the State.  See Ying Jing Gan v. City of New York, 996 F.2d 522, 529-30 (2d Cir. 1993); Baez v. Hennessy, 853 F.2d 73, 77 (2d Cir. 1988) ("When prosecuting a criminal matter, a district attorney . . . represents the State not the county."). Accordingly, Attorney Wright is entitled to Eleventh Amendment immunity for damages claims brought against him in his official capacity.  See Darcy v. Lippman, 356 F. App'x 434, 437 (2d Cir. 2009) ("The Eleventh Amendment likewise bars [plaintiff] from pursuing a claim for damages against the individual defendants in their official capacities.").

Finally, Bennington County has joined in the State Defendants' motion to dismiss.  The Court will not consider whether, as a county, this Defendant is entitled to protection under the Eleventh Amendment, since Bethea's claims against the County are clearly frivolous.  See Fitzgerald v. First East

Seventh St. Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000). Bennington County is alleged to be the employer of Officer Plusch, Attorney Wright and Judge Corsones. (Doc. 5 at 6.) However, it clear from both the Complaint and the attached documentation that Officer Plusch was a Detective in the Bennington Police Department, and assigned to the Southern Vermont Task Force. (Doc. 5 at 3, 20.) Furthermore, Judge Corsones, as a state court judge, was an officer of the State of Vermont, and Attorney Wright, as a State's Attorney, was similarly employed by the State. See 3 V.S.A. § 1101(b)(1); Richards v. State's Attorneys Office, 40 F. Supp. 2d 534, 537 (D. Vt. 1999); Daniel v. Safir, 135 F. Supp. 2d 367, 372 (E.D.N.Y. 2001) (official capacity immunity extend to state court judge sued in her official capacity). Accordingly, no Defendant was employed by Bennington County, and the claims against the County are DISMISSED.

    D.    Timeliness

State Defendants contend that if the Court declines to dismiss on the basis of these previous arguments, Bethea's claims must be dismissed as untimely. As a result of the discussion above, the only surviving claim against State Defendants is the allegation that Attorney Wright wrongfully coerced the confidential informant into cooperating with law enforcement.

13

Assuming the allegations are true, Attorney Wright's conduct would have taken place in late 2005 or early 2006.

The analysis with respect to the timeliness of Bethea's claims against Officer Plusch applies with equal force to his coercion claim against Attorney Wright. The relevant statute of limitations is three years (see Wilson, 471 U.S. at 266-67; 12 V.S.A. § 512(4)) and the Complaint was filed over five years after the confidential informant's involvement in the case. Bethea was aware of the confidential informant's role in the investigation over three years before he filed his Complaint, see Bethea, No. 1:07-cr-00003-jgm (Docs. 47, 47-1), and his cause of action therefore accrued at that time. See Pearls, 296 F.3d at 80. The Court thus finds that the coercion claim brought against Attorney Wright is untimely, and must be DISMISSED.[2]

### III.  United States' Motion to Dismiss

The final Defendant in the case is the United States, which has also moved to dismiss. The United States asserts several bases for dismissal. First, it argues that Section 1983 does not apply to federal defendants. The United States acknowledges, however,

---

[2] The Court further notes that the coercion claim against Attorney Wright is unsupported. The only fact that might support the claim is in the State Police wire warrant affidavit, which states that "[t]he C.I. would be cooperating . . . in consideration for his/her pending criminal charges." (Doc. 5 at 20.) It has been held that consent to have conversations recorded is not vitiated by governmental promises of leniency. See, e.g., United States v. Franks, 511 F.2d 25, 30-31 (6th Cir.), cert. denied, 422 U.S. 1042 (1975).

that there is a federal common law analog under <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), and that the Court might construe Bethea's claims against it under <u>Bivens</u>. (Doc. 21 at 4.) Indeed, the Second Circuit has approved of converting *pro se* Section 1983 claims against federal officials to <u>Bivens</u> actions. <u>See</u>, <u>e.g.</u>, <u>Tavarez v. Reno</u>, 54 F.3d 109, 109-10 (2d Cir. 1995).

Even construing Bethea's claim as a <u>Bivens</u> claim, however, it fails as a matter of law. First, <u>Bivens</u> actions may only be brought against individual federal actors, and not against the United States itself. <u>See</u> <u>Polanco v. U.S. Drug Enforcement Admin.</u>, 158 F.3d 647, 650 (2d Cir. 1998). Furthermore, if Bethea were to substitute individual defendants, his claims would necessarily involve the decision to initiate and pursue a prosecution in federal court. Such claims would be barred by absolute prosecutorial immunity, and be ripe for dismissal. <u>See</u> <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430-31 (1976). The United States' motion to dismiss is therefore GRANTED.

IV. <u>Bethea's Motion to Amend</u>

Also pending before the Court is Bethea's request for leave to amend his Complaint. The motion to amend seeks to add more detail to his claims of misconduct by Defendants Plusch and Wright with respect to their dealings with the confidential informant. (Doc. 17 at 2-3.) For reasons set forth above, those claims are time barred. The motion to amend (Doc. 18) is therefore DENIED.

The Court also acknowledges that it "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a

liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). Nevertheless, leave to amend is not necessary when it would be futile, as when the complaint, even read liberally, does not "suggest[] that the plaintiff has a claim that [he] has inadequately or inartfully pleaded and that [he] should therefore be given a chance to reframe." Id. In this case, the majority of Bethea's claims are barred by sovereign and prosecutorial immunity. The remaining claims are untimely. A more detailed pleading could not cure any of these flaws. The Court therefore declines to grant Bethea leave to amend his Complaint.

## Conclusion

For the reasons set forth above, Defendants' motions to dismiss (Docs. 13, 20 and 21) are GRANTED, Bethea's motion to amend (Doc. 18) is DENIED, and this case is DISMISSED.[3]

It is further certified that any appeal taken in forma pauperis from this Order would not be taken in good faith because such an appeal would be frivolous. See 28 U.S.C. § 1915(a).

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 29th day of November, 2011.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge

---

[3] To the extent that Bethea is bringing state law claims for violations of the Vermont Constitution (Doc. 5 at 15-16), the Court declines to exercise supplemental jurisdiction over those claims. See 28 U.S.C. § 1367(c); United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).